**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4619**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALONZO DALE JONES, JR.,

Defendant - Appellant.

**No. 19-4657**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALONZO DALE JONES, JR.,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:10-cr-00035-WO-1; 1:18-cr-00058-WO-1)

Submitted: June 11, 2020                    Decided: June 15, 2020

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Craig M. Cooley, COOLEY LAW OFFICE, Cary, North Carolina, for Appellant. Matthew G. T. Martin, United States Attorney, Nicole R. DuPre, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Alonzo Dale Jones, Jr., of possession with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a quantity of a mixture and substance containing a detectable amount of cocaine, and a quantity of a mixture and substance containing a detectable amount of Oxycodone, all in violation of 21 U.S.C. § 841(a)(1) (2018). Based on these convictions, the district court revoked the term of supervised release Jones was serving for a 2010 conviction and imposed a 36-month revocation sentence, to run consecutively to the 130-month sentence imposed for the new criminal conduct. In these consolidated appeals, Jones challenges his convictions and the revocation of his term of supervised release. He argues that counsel rendered ineffective assistance by failing to request a limiting instruction regarding the jury's consideration of the 2010 conviction.

Generally, claims of ineffective assistance are not cognizable on direct appeal. *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018). Instead, such claims should be raised in a 28 U.S.C. § 2255 (2018) motion to permit adequate development of the record. *United States v. Baptiste*, 596 F.3d 215, 216 n.1 (4th Cir. 2010). An exception exists, however, when "an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016).

Because the record before us does not conclusively establish ineffective assistance of counsel, we conclude that Jones' claim should be raised in a § 2255 motion. Accordingly, we dismiss the appeals. We dispense with oral argument because the facts

3

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*